## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE,

       Plaintiff,

    v.                      Case No. 5:23-cv-00943-JFL

FRANKLIN AND MARSHALL
COLLEGE,

       Defendant.

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
## FOR RECONSIDERATION

**NESENOFF & MILTENBERG, LLP**

**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Kristen Mohr, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kmohr@nmllplaw.com

*Attorneys for Plaintiff John Doe*

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................... 1

    I.    APPLICATION OF DOE V. UNIVERSITY OF THE SCIENCES SHOULD BE
    RECONSIDERED ................................................................................................................... 1

    II.   NEW CASE LAW DEMONSTRATES PLAINTIFF HAS SUFFICIENTLY PLED
    COMPARATORS TO SURVIVE A MOTION TO DISMISS ................................................. 3

CONCLUSION .................................................................................................................................. 4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Doe v. University of the Sciences*,
   961 F.3d 203 (3d Cir. 2020)............................................................................. 1, 2, 3

*Smith v. Brown Univ.*,
   No. 2023 WL 6314646 (D.R.I. Sept. 28, 2023)...................................................... 3, 4

**Rules**

Rule 12(b)(6)....................................................................................................... 1

## PRELIMINARY STATEMENT

On September 20, 2023, Plaintiff filed a motion for reconsideration (and request for leave to file a reply) of this Court's September 6, 2023 Order dismissing his Title IX claims, in order to prevent manifest injustice. Defendant did not oppose Plaintiff's request for leave to file a reply. Plaintiff therefore respectfully submits this reply in further support of his motion for reconsideration.

Defendant's opposition disregards and fails to address relevant and applicable case law which warrants granting Plaintiff's motion. Substantively, Defendant also fails to appreciate the meaning of the Third Circuit's decision in *Doe v. University of the Sciences*, and its similarity to the case at bar. Further, there has been intervening case law which materially affects the Court's prior decision. For the foregoing reasons, to be explained further below, Plaintiff's motion for reconsideration should be granted.

## ARGUMENT

## I.    APPLICATION OF DOE V. UNIVERSITY OF THE SCIENCES SHOULD BE RECONSIDERED

Defendant argues that Plaintiff's argument regarding the standard set forth in *Doe v. University of the Sciences* amounts to "mere disagreement" with the Court's decision (Def's Br. At 3). This is an overly narrow reading of Plaintiff's argument and of the case. By rejecting the need for doctrinal tests such as "selective enforcement" or "erroneous outcome," the Third Circuit tacitly acknowledged in *University of the Sciences* that such tests had created an improperly elevated pleading standard where there was "no need to superimpose" such tests onto the statute. *Doe v. University of the Sciences*, 961 F.3d 203, 209 (3d Cir. 2020). The Court made further clear through its analysis of the pleadings in that case that the standard by which student Title IX discipline claims are to be viewed on a motion to dismiss under Rule 12(b)(6) is much more liberal

1

than the standard applied by this Court in deciding Defendant's earlier motion to dismiss of Plaintiff's Title IX claims. It is this analysis which also forms the validity of Plaintiff's request for reconsideration. While it is true that this Court acknowledged *Doe v. University of the Sciences*, this Court still applied the stricter *Yusuf* standard when analyzing Plaintiff's claims.

In *University of the Sciences*, the Third Circuit rejected the need for multi-step doctrinal requirements and opted instead for a straight-forward standard of whether "the alleged facts, if true . . . support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex." *Univ. of Scis*., 961 F.3d at 209. While it is true that this Court previously determined that Plaintiff failed to sufficiently allege the influence of gender bias in the underlying proceedings, this Court did so through the lens of the now-rejected multi-part doctrinal tests that require specific types of evidence in order to meet the plausibility standard.

The Third Circuit's decision in *University of the Sciences* broke free from these doctrinal tests and made clear what types of allegations would suffice to "support a plausible inference" of gender bias under the established broad standard to escape dismissal on a Rule 12 motion. In this regard, the Third Circuit definitively answered the previous "split" over whether allegations of federal pressure can contribute to an inference of bias: they can. In University of the Sciences, the Court expressly held that allegations of external pressure to punish males created by, inter alia, the 2011 Dear Colleague Letter, combined with allegations of disparate treatment among male and female students, was sufficient to allege gender bias under the applicable standard. *Univ. of Scis*., 961 F.3d at 209-211. Notably, the Third Circuit expressly held that the plaintiff's allegation that the university failed to investigate potential violations by female students was sufficient to show gender bias *even where the comparator students were not accused of committing an identical*

*violation* (in that case, confidentiality versus sexual assault) and even where the male student made

no formal complaint against the female comparator. *Ibid*.

As such, this Court's holding in the September 6, 2023 decision runs afoul of the standards

set forth in *University of the Sciences*. As set forth in Plaintiff's motion, Plaintiff in the instant case

makes the same allegations found sufficient in *University of the Sciences*, *plus* he alleges additional

disparate enforcement and institutional bias, such as F&M's failure to respond to claims against

Professor Kim in the same aggressive manner as the allegations against Plaintiff, if pursued at all.

The Third Circuit's decision in *University of the Sciences*—which definitively rejected

demanding doctrinal tests, accepted allegations of federal pressure as relevant to the bias analysis,

and rejected the need to allege identical comparators for a disparate treatment argument, represents

that denial of reconsideration would constitute a manifest injustice and warrants the granting of

Plaintiff's motion.

## II.   NEW CASE LAW DEMONSTRATES PLAINTIFF HAS SUFFICIENTLY PLED COMPARATORS TO SURVIVE A MOTION TO DISMISS

On September 28, 2023, the District of Rhode Island issued an instructive decision

regarding comparators in Title IX cases. While not controlling, the court's decision in *Smith v.*

*Brown Univ.*, No. 2023 WL 6314646, at *1 (D.R.I. Sept. 28, 2023) should be taken into

consideration as persuasive authority regarding comparator status in Title IX cases, even if this

Court decides to analyze Plaintiff's claims under doctrinal tests.

The court in *Brown University*, in applying doctrinal tests, acknowledged that a selective

enforcement claim requires a comparator who is "similarly situated in material respects." *Smith v.*

*Brown Univ.*, 2023 WL 6314646, at *2. However, the court acknowledged that there is a

"substantial imbalance in…access to information" regarding comparators in Title IX cases, and

notes that "these files remain in [the university's] exclusive possession." *Id.* As a result, the court

3

cautioned against requiring plaintiffs in Title IX cases to "predict all the ways bias might manifest itself in [the university's] conduct given the disparity of access to information between the parties." *Id.* The court further went on to hold that the plaintiff was "entitled to explore [the university's] decision-making process without having to guess at what is behind the curtain." *Id.* Indeed, the College's "internal decision-making, its rationale for findings of fact, its process for evaluating credibility contests, the procedural history of these claims, and its treatment of evidence generally" all go "to the heart of [plaintiff's] Title IX claim." *Id.*

Accordingly, and as *Brown University* makes clear, Plaintiff has made sufficient allegations regarding the existence of similarly situated comparators and should be permitted to proceed to discovery in order to see "behind the curtain." Plaintiff should not have to prove a comparator at this stage in the litigation. As such, Plaintiff's Title IX claims should proceed and this Court should grant Plaintiff's motion for reconsideration.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests this Court reconsider and vacate its September 6, 2023 Order and Decision dismissing Plaintiff's Title IX claims with prejudice.

Dated: New York, New York
        September 20, 2023

                        Respectfully submitted,

                        NESENOFF & MILTENBERG, LLP
                        *Attorneys for Plaintiff John Doe*
                        By: /s/ *Andrew T. Miltenberg*
                        Andrew T. Miltenberg, Esq.
                        Stuart Bernstein, Esq.
                        Kristen Mohr, Esq.
                        363 Seventh Avenue, Fifth Floor
                        New York, New York 10001
                        (212) 736-4500
                        amiltenberg@nmllplaw.com
                        sbernstein@nmllplaw.com
                        kmohr@nmllplaw.com