UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE, :
        Plaintiff, :
         :
v. : No. 5:23-cv-0943
         :
FRANKLIN AND MARSHALL COLLEGE, :
        Defendant. :

**O P I N I O N**
**Plaintiff's Motion for Reconsideration, ECF No. 27 – Denied in Part, Granted in Part**

**Joseph F. Leeson, Jr.**                                                                **October 17, 2023**
**United States District Judge**

**I.   BACKGROUND[1]**

Plaintiff John Doe was an undergraduate student at Defendant Franklin and Marshall College ("F&M"). He initiated this action alleging violations of Title IX and breach of contract regarding F&M's disciplinary proceedings against him following his arrest for sexual assault, as well as F&M's handling of his complaint that he was being sexually harassed by one of his professors. F&M filed a Motion to Dismiss all claims. Because Doe separated his Title IX claims into an "erroneous outcome," "selective enforcement," and "deliberate indifference" count, they were analyzed in turn. On September 6, 2023, this Court dismissed each of the Title IX claims, but permitted the breach of contract claim to proceed. Doe has filed a Motion for Reconsideration arguing that this Court should not have applied specific doctrinal standards and, also, that he should be granted leave to amend. For the reasons set forth below, because this

---

[1]     A detailed recitation of the factual and procedural history is contained in the Court's Opinion dated September 6, 2023, and will not be repeated herein. *See* Opn., ECF No. 24.

Court found Doe failed to sufficiently plead that the complained of conduct was motivated by gender bias, his claims fail under even the broader Title IX standard.  The Motion for Reconsideration of dismissal is denied.  However, this Court will reconsider the dismissal as being with prejudice and, instead, dismiss the claims without prejudice.

## II.     STANDARD OF REVIEW

### Motion for Reconsideration – Review of Applicable Law

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly."  *Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Cont'l Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.    ANALYSIS

The Motion for Reconsideration essentially contends this Court applied a heightened pleading standard by relying on the doctrinal tests allegedly in contravention of the decision in *University of Sciences*.  *See* Mot. 3-7, ECF No. 27 (citing *Doe v. Univ. of Scis.*, 961 F.3d 203 (3d Cir. 2020)).  *See also* Reply, ECF No. 30.  Doe also argues that his Title IX claims were

sufficiently pled.  *See* Mot. 8-14.  Doe asserts that even if the dismissal is not reconsidered, he should be granted an opportunity to file an amended complaint.  *See id.*

Despite Doe's suggestion to the contrary, the Opinion dated September 6, 2023, applied the correct standard of review: "to state a claim under Title IX, the alleged facts, if true, must support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex."  *See* Opn. 9 (quoting *Doe v. Univ. of the Scis.*, 961 F.3d 203, 209 (3d Cir. 2020)).  This Court further recognized that the Third Circuit Court of Appeals in *University of the Sciences* held there was "no need to superimpose doctrinal tests on the Title IX statute."  *See* Opn. 9 (quoting *Univ. of the Scis.*, 961 F.3d at 209).

Nevertheless, because Doe separated the Title IX claim into an "erroneous outcome," "selective enforcement," and "deliberate indifference" count, they were discussed in turn.  This Court's decision to analyze the Title IX claims according to the specific theory identified by Doe is supported by the Third Circuit Court of Appeals decision in *St. Joseph's University*, which was issued five months after *University of the Sciences*.  *See* Opn. 10 (citing *Doe v. St. Joseph's Univ.*, 832 F. App'x 770, 773 (3d Cir. 2020)).  In that case, the court addressed the Title IX claims in turn under the "selective enforcement" theory and the "erroneous outcome" theory because that is how they were advanced by the plaintiff.  *See St. Joseph's Univ.*, 832 F. App'x at 773-75.  Accordingly, this Court did not err in doing the same.

Moreover, because the allegations in the Amended Complaint were insufficient to show that F&M discriminated against Doe "on the basis of sex," the Title IX claims were properly dismissed in accordance with the standard announced in *University of the Sciences*.  *See Univ. of the Scis.*, 961 F.3d at 209.  In discussing the first count, the Opinion dated September 6, 2023, concluded that "Doe has failed to allege particular circumstances suggesting that F&M's alleged

erroneous outcome was motivated by gender bias." Opn. 11. This Court found "Doe's allegations regarding selective enforcement also fail to show that gender bias was a motivating factor in the alleged erroneous outcome of his disciplinary proceedings." Opn. 13-14 (citing *Univ. of the Scis.*, 961 F.3d at 203). As to the deliberate indifference count, Doe failed to even allege in the Amended Complaint that F&M's alleged mishandling of his sexual harassment complaint against his professor was motivated by gender, let alone plead specific facts from which a plausible inference of gender discrimination could be drawn. *See, e.g.* Am. Compl. ¶¶ 120-165, 222-232. Furthermore, this Court found that the allegations were insufficient to conclude that the gender of Professor Kim showed "that F&M treated Doe differently because he is male." *See* Opn. 15. Although it was reasonable to infer that Professor Kim's allegedly harassing conduct was based on Doe's gender, the Opinion explained that F&M could "be liable in damages under Title IX only for its own misconduct." Opn. 17, n.5 (citing *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 640 (1999)).

Contrary to Doe's suggestion, the allegations in the instant action are not the "same" found to be sufficient in *University of the Sciences*. There, the court found the plaintiff had plausibly alleged that the school yielded to external pressure when implementing and enforcing its Sexual Misconduct Policy and *also* that the plaintiff plausibly alleged sex was a motivating factor in the school's investigation and decision to discipline the plaintiff. *See Univ. of the Scis.*, 961 F.3d at 209-10 ("[d]rawing all reasonable inferences in the light most favorable to Doe, as we must at this stage, it is plausible that, as he alleges, sex was a motivating factor in USciences's investigation and decision to expel him"). As to the latter, the male plaintiff alleged that the school not only failed to investigate and discipline three female students for violating the

same Sexual Misconduct Policy[2] under which the male plaintiff was charged, but "permitted and encouraged" the female students to violate the Policy in order "to find other women willing to make a complaint against" the plaintiff. *Id.* at 207-08. In contrast here, it is not reasonable to infer that sex was a motivating factor based on Doe's allegations regarding F&M's failure to act as aggressively toward his complaint of sexual harassment against one of his female professors. Accordingly, this Court's Opinion dated September 6, 2023, is consistent with the decision in *University of the Sciences*.

Doe's other arguments present nothing more than disagreement with this Court's analysis. *See* Mot. 8-14. "It is well-settled that a mere disagreement with the court does not translate into the type of clear error of law that justifies reconsideration of a ruling." *Leinbach v. JP Morgan Chase Bank, N.A.*, No. 15-CV-00006, 2016 U.S. Dist. LEXIS 16708, at *15 (M.D. Pa. Feb. 11, 2016) (explaining that "reconsideration is an extraordinary remedy and should be granted sparingly").

Nevertheless, because this is the first time the Title IX claims have been dismissed, this Court will reconsider its futility finding and grant Doe leave to amend his Title IX claims to attempt to state a claim. In filing a second amended complaint, Doe is cautioned that he will need to include *additional factual* allegations to show F&M discriminated against him "on the basis of sex."

## IV.   CONCLUSION

The Opinion dated September 6, 2023, is consistent with the decision in *University of the Sciences*. The Motion for Reconsideration is therefore denied to the extent it seeks to vacate

---

[2]   The provisions of the Policy allegedly violated in *University of the Sciences* were different (confidentiality versus sexual assault). *Id.* at 207.

dismissal of the Title IX claims.  However, because leave to amend should be freely granted, this Court will reconsider its decision to dismiss the Title IX claims with prejudice.  The Title IX claims are dismissed, instead, without prejudice

     A separate order will be issued.

                                                                                            BY THE COURT:


                                                        */s/ Joseph F. Leeson, Jr.*_____
                                                        JOSEPH F. LEESON, JR.
                                                        United States District Judge