IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------x

STEVEN RIZZO,

                 **Plaintiff,**

   -against -

**FRANKLIN AND MARSHALL, COLLEGE**

                 **Defendant.**

-------------------------------------------------------------------x

Case No: 5:23-cv-00943-JFL

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE AND/OR *IN LIMINE* TO EXCLUDE PRESIDENT BARBARA ALTMANN AS A TRIAL WITNESS

Plaintiff, by and through his attorneys, Nesenoff & Miltenberg, LLP, hereby opposes Defendant's Motion to Strike and/or *In Limine* to Exclude President Barbara Altmann as a Trial Witness (ECF 88). As demonstrated herein, Defendant had ample notice of Altmann's presence in this case, and Altmann's testimony is relevant to Plaintiff's breach of contract claim.

### I.  Defendant is Not Prejudiced by the Inclusion of President Altman as a Witness

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified *or is harmless*." Fed. R. Civ. P. 37 (emphasis added). "A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D. Pa. 2002) (citations omitted). "This connotation of the term 'harmless' is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of 'harmless' violations of Rule 26(a), the inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person

listed by another party. *Id.* (citations omitted); *see also* Advisory Committee Notes (noting that a "harmless" omission would include "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties").

Contrary to Defendant's assertions, Defendant has had sufficient knowledge of Altmann's identity and her role in this case throughout the entirety of this litigation. Indeed, Plaintiff's Second Amended Complaint contains an entire subsection dedicated solely to the allegations involving President Altmann. *See* ECF 33 at 15 ("F&M's President Raises Money for Arrested Female Student While Plaintiff, a Male Accused, is Presumed Guilty"). Further, Plaintiff produced material in discovery, which is also included in the parties' joint exhibit list, relevant to the Altmann allegations. While Plaintiff's failure to include Altmann in his Rule 26 initial disclosures was due to mere oversight, Defendant cannot plausibly say that it was not aware of Altmann's role in this case prior to Plaintiff's pretrial memorandum. Further, Defendant's argument that Altmann should not be included as a trial witness because she was not deposed by Plaintiff during discovery is simply inapposite, as five of the seven witnesses listed by Defendant were not deposed during discovery[1].

## II. President Altmann's Testimony is Relevant to Plaintiff's Breach of Contract Claim

Despite Defendant's contentions, President Altmann's testimony is relevant to the remaining issues in this case. First, Defendant's own additions to the parties' joint exhibit list included a November 10, 2022 letter from Barbara Altmann to Eunbi Kim. Additionally, President Altmann's statements and conduct are relevant to the College's failure to allow Plaintiff to present a defense, as well as to exercise his Fifth Amendment right against self-incrimination. *See* ECF 76

---

[1] In any event, the two witnesses on Defendant's list that were deposed, Colete Shaw and Kate Buchkoski, were deposed by Plaintiff.

("Plaintiff has presented evidence creating a genuine dispute of material fact as to whether he was provided a 'fair and equitable process' as he was not able to put on a defense at the misconduct hearing without forgoing his Fifth Amendment rights related to the pending criminal litigation"). Altmann's testimony goes directly to Plaintiff's ability to exercise his Fifth Amendment right, as she demonstrated concern for the constitutional rights of another student that was also arrested. *See University President Helps Raise Money for Student Arrested for Arson* ("'We stand by our students' constitutional right to protest,' Altmann wrote. 'And affirm a presumption of innocence.'").

In its motion, Defendant intentionally ignores the role and relevance of Altmann in this litigation, as well as its own inclusion of a letter written by Altmann. Defendant's motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike and/or *In Limine* to Exclude President Barbara Altmann as a Trial Witness should be denied in its entirety. Further, Defendant's request for attorneys' fees related to this Motion should be denied.

**Dated:** New York, New York
September 3, 2024

                                             **Respectfully submitted,**

                                             **NESENOFF & MILTENBERG, LLP**
                                             *Attorneys for Plaintiff*

                                             **By: /s/ Andrew T. Miltenberg**
                                                   **Andrew T. Miltenberg, Esq.**
                                                   **Stuart Bernstein, Esq.**
                                                   **Kristen Mohr, Esq.**
                                                   **Rodman Streicher**
                                                   **363 Seventh Avenue, Fifth Floor**

**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**sbernstein@nmllplaw.com**
**kmohr@nmllplaw.com**
**rstreicher@nmllplaw.com**